---

### In re MIZE et al.

(District Court, N. D. Alabama, W. D. July 17, 1909.)

1. BANKRUPTCY (§ 136*)—CONTEMPT—PROOF.

Disobedience of referee's order involving incarceration of the bankrupt for contempt must be established beyond a reasonable doubt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

2. BANKRUPTCY (§ 136*)—ORDERS—SURRENDER OF FUNDS TO TRUSTEE—CONTEMPT.

Whether a bankrupt is guilty of contempt in failing to comply with a referee's order directing him to pay funds alleged to have been withheld to his trustee depends on the bankrupt's present ability to comply therewith.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

3. BANKRUPTCY (§ 136*)—WITHHELD FUNDS—CONTEMPT—EVIDENCE.

Where the bankrupt denied having any money other than that declared exempt in his possession, the fact that moneys unaccounted for were traced to the bankrupt within the few months of bankruptcy, and that his explanation of disposition of some of the items was unsatisfactory, was insufficient to justify an order committing him for contempt for failure to pay over the money to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

In the matter of J. H. and A. P. Mize, bankrupts. From a referee's order requiring the bankrupt, J. H. Mize, to pay to the trustee $1,250, he appeals, and the trustee applies for an order committing him for contempt in failing to comply with the referee's order. Application denied, and referee's order reversed.

Brown & Ward and Henry Fitts, for bankrupts.
Oliver, Verner & Rice, for trustee in bankruptcy.

GRUBB, District Judge. This matter comes on to be heard upon a petition to review an order of the referee requiring the bankrupt, J. H. Mize, to pay to the trustee in bankruptcy $1,250, assets of the estate,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the idea that it was in his possession when the order was applied for, and also upon the certificate of the referee of the bankrupt's failure to comply with the order within the time prescribed, and upon the application of the trustee that he be punished for contempt for such failure.

The order of the referee requiring the payment by the bankrupt, if it were only enforceable by civil proceedings, would in my opinion be sustained by the inferences fairly to be drawn from the record. Disobedience of the order imposes on the bankrupt punishment for contempt of the bankrupt court, which would probably consist of imprisonment until the bankrupt complied with the order. In view of the method of enforcement of the order, the rule is that the disobedience must be established beyond reasonable doubt, or, as otherwise expressed, in doubtful cases punishment for constructive contempts should not be inflicted.

The question in this case to be established beyond reasonable doubt is whether the bankrupt, J. H. Mize, at the time the order was applied for and made, had the present ability to comply with it; that is, had in his possession or under his control $1,250 of the assets of the estate, over and above the amount allowed him as exempt by the referee. That he had $991 at least for some time after the petition in bankruptcy was filed is clear; but this the court allowed to him as exempt, and the order only requires him to pay what he had in excess of this sum. I have little doubt that the bankrupts according to a proper accounting should have turned over more assets to the trustee than they in fact did. I am not convinced beyond reasonable doubt, or with that degree of certainty that would justify the making of an order committing the bankrupt, J. H. Mize, until he pays the sum found by the referee, of the fact that J. H. Mize had in his possession or under his control such sum beyond his exemption at the time the order was applied for and made, or that he had then the ability to comply with it. The result of such an order in the event of his inability to comply would be indefinite imprisonment of the bankrupt, or his release while still in contempt and defiant. For that reason, it seems to me, the adjudication of contempt should only follow clear conviction that the bankrupt had the money and could with it comply with the order. The bankrupt, J. H. Mize, denied having any money other than that declared exempt in his possession. It is true that moneys are traced to the bankrupts within a few months of the bankruptcy, and that their explanation of the disposition of some items of them is not satisfactory. The contention that their attempted explanation of other items should be rejected on this account, and in the absence of other contradiction, while persuasive in a civil proceeding, is rather severe in this proceeding, in view of the fact that in many instances the bankrupts alone could make the explanation and would be without the possibility of purging themselves for this reason, if such a rule were adopted. The courts have been very careful not to permit contempt proceedings to be converted into a means of coercing payment of debts from funds other than assets wrongfully withheld by the bankrupt, and for this reason have required the clearest evidence that the bankrupt had the assets in his possession and the present ability to turn them over to the trustee as

directed by the order. In re Purvine, 2 Am. Bankr. Rep. 787, 96 Fed. 192, 37 C. C. A. 446; Samel v. Dodd, 16 Am. Bankr. Rep. 163, 142 Fed. 68, 73 C. C. A. 254; In re Davison (D. C.) 16 Am. Bankr. Rep. 337, 143 Fed. 673; Boyd v. Glucklich, 8 Am. Bankr. Rep. 393, 116 Fed. 131, 53 C. C. A. 451.

The order of the referee requiring the bankrupt, J. H. Mize, to pay to the trustee within the time mentioned the sum of $1,250 is set aside, and the application of the trustee for an order adjudging the bankrupt, J. H. Mize, to be in contempt upon the certificate of the referee that he disobeyed said order, is denied.